UNITED STATES BANKRUPTCY COURT        <u>FOR PUBLICATION</u>
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

                                       Case No. 8-07-73183**-**AST

ROSEMARIE CONDE-DEDONATO AKA
ROSEMARIE C CONDE-DEDONATO AKA
ROSE CONDE-DEDONATO

                                       Chapter 13

                    Debtor.
-----------------------------------------------------------x

### MEMORANDUM DECISION

*Appearances:*

Brian P. Schechter
*Attorney for Debtor*
Steinberg Fineo Berger & Fischoff, PC
40 Crossways Park Drive
Woodbury, NY 11797

Dennis Jose
*Attorney for Claimant*
Steven J. Baum, P.C.
220 Northpointe Parkway, Suite G
Amherst, New York 14228

Before the Court is an objection by Rosemarie Conde-DeDonato (the "Debtor") to Claim No. 2 filed by Homecomings Financial, LLC ("Claimant" or "Homecomings Financial") which seeks to expunge said claim on the grounds that Claimant does not have standing to file a claim against this Debtor's estate, and was not a creditor of this Debtor's estate. Based on the facts of this case and the relevant case law, Claimant's claim is allowed and the Debtor's motion is denied. The following constitutes the Court's findings of facts and conclusions of law as mandated by Fed. R. Bankr. P. 7052.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## FACTS

On August 18, 2005 the Debtor signed a note and mortgage for $352,000.00 for the real property known as 260 Walnut Street, Massapeua Park, New York 11762 (the "Walnut Street Property"). The Lender listed on the note and mortgage was First National Bank of Arizona ("First National"). According to an affidavit by a senior bankruptcy specialist (the "Affidavit") employed by Homecomings Financial, LLC, Claimant became the servicer on the note and mortgage obligation on October 12, 2005. Furthermore, the Affidavit stated that on December 29, 2005 Deutsche Bank Trust Company Americas as Trustee ("Deutsche Bank") became the current holder of the note and mortgage.

Nearly two years later on August 17, 2007 the Debtor filed for bankruptcy protection under Chapter 7 in the Eastern District of New York. On December 13, 2007, pursuant to this Court's Order, the Debtor's case was converted, with Debtor's consent, to one under Chapter 13

pursuant to 11 U.S.C. § 706(a) after it was revealed that the Debtor had sufficient disposable income to fund a Chapter 13 plan.

On Debtor's Schedule D, which lists Creditors Holding Secured Claims, the Debtor indicated that the Walnut Street Property had a value of $425,000.00, and that there were two mortgages against the property.   The first priority mortgage is listed as being held by the Claimant, Homecomings Financial, LLC, for the sum of $351,878.46.   The second priority mortgage  is listed as being held by Citibank, NA for $84,887.93.

On January 15, 2008, after the conversion of Debtor's case, the Claimant filed a claim against Debtor's estate for an amount of $354,961.92, which was later reduced to $354,878.46. The claim amount included a plan review fee of $200.00, attorneys' fees for the preparation of the proof of claim of $150.00, and an escrow shortage of $115.86.   Claimant later withdrew its request for the escrow shortage.   Its proof of claim form cited the basis of the claim as "Money Loaned."

On January 23, 2008 the Debtor filed a motion to object to the additional fees requested by Homecomings, and did not object to the $354,961.92 claim.   Subsequently on January 28, 2008 the Debtor submitted a Chapter 13 Plan (the "Plan") to the Court which both lists the Claimant as the holder of a mortgage claim, and states that Claimant will be paid post-petition payments pursuant to the mortgage.

The Claimant filed an objection to the confirmation of the proposed Plan because the plan did not provide for the payment of the pre-petition arrearage that was also sought under its proof of claim, and also filed opposition to the Debtor's objection to Claimant's proof of claim.   A copy of the original note and mortgage was attached to the objection, but Claimant did not attach a written assignment evidencing the transfer to Deutsche Bank from First National.

On February 27, 2008 Debtor filed an affirmation in further support of its objection to Claimant's proof of claim in which it raised, for the first time, the question of whether Claimant had standing to file a proof of claim, and whether it was the owner of the note and mortgage funded by First National.  At oral arguments Debtor argued that in the absence of a written assignment evidencing the assignment to Deutsche Bank no valid assignment had taken place, and therefore Claimant's claim must be stricken as it was not a creditor of the Debtor.

## ISSUES PRESENTED

The Court must decide (1) whether a servicer has standing to file a proof of claim, and (2) whether the failure to supply a written assignment of the note and mortgage evidencing an assignment from one creditor to another is fatal to a claimant's proof of claim.

## DISCUSSION

### A. Does a servicer have standing to file a proof of claim?

For a claimant to be entitled to file a proof of claim, the claimant must be a "creditor or the creditor's authorized agent" *See* <u>Fed. Rul. Bank. Pro. 3001(b)</u>.  The Code defines a creditor as "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. §101(10)(A).  A claim is a "right to payment" or a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment."  11 U.S.C. §§ 101(5)(A) and (B).  Bankruptcy Code § 502(a) provides that "a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."

A servicer of a mortgage is clearly a creditor and has standing to file a proof of claim against a debtor pursuant to its duties as a servicer.  *See e.g., In re Viencek*, 273 B.R. 354, 359 (N.D.N.Y. 2002); *see also Greer v. O'Dell*, 305 F.3d 1297, 1302 (11th Cir. 2002 (holding that

loan servicer was a party in interest in proceedings involving loans that it services); *Bankers Trust (Delaware) v. 236 Beltway Inv.,* 865 F. Supp. 1186, 1191 (E.D. Va. 1994) (holding that both the lender and servicer had standing to sue on mortgagor's default even though the servicer was not the holder of the mortgage); *In re Tainan*, 48 B.R. 250, 252 (Bankr. E.D. Pa. 1985) (determining that mortgage servicer was a party in interest for purposes of a relief from stay proceeding).

In *Viencek* the debtor attempted to expunge the proof of claim of the servicer because the servicer failed to identify the actual owner of the claim. *See In re Viencek*, 273 B.R. at 356. In opposition the servicer argued that it had a tangible interest in the estate to bring a claim. *See id.* The bankruptcy court agreed, and stated that the servicer's pecuniary interest was achieved by "virtue of its servicing activities for which it receives compensation." *See id.* Furthermore, the Eleventh Circuit in *Greer v. O'Dell* stated that the "Bankruptcy Code and Fed. R. Civ. P. 17 each have liberal standing provisions, designed to allow a party to appear as long as it has a direct stake in the litigation under the particular circumstances." 305 F.3d at 1302.

In the present case the Claimant has provided an affidavit attesting that it is the servicer of the note and mortgage, has provided the original note and mortgage, was listed on the Debtor's Schedules by the Debtor as having a claim against the estate, and was provided for in the Debtor's Chapter 13 plan. *See* Viencek, 273 B.R. at 358 ("It is evident from the fact that the Debtor listed Aurora as a secured creditor in his schedules that he knew of the debt."). The Debtor does not dispute that Homecomings Financial, LLC is the servicer. Thus, it is clear that Claimant is the servicer of the note and mortgage and it has standing to file a proof of claim against the Debtor.

As to the Debtor's objection to the additional fees requested by Claimant, the Court finds that the fees requested by Claimant for services rendered are reasonable.  11 U.S.C. § 506(b) provides that a creditor with an oversecured claim is entitled to any reasonable fees, costs or charges provided under the agreement under which the claim arose.  Interest and attorney's fees accrue under section 506(b) "as part of the allowed claim from the petition date until the confirmation date of the plan." *See Telfair v. First Union Mortgage Corp.*, 216 F3d 1333, 1338 (11th Cir. 2000) *citing Rake v. Wade*, 508 U.S. 464, 471 (1993).  Here the secured creditor is oversecured and the terms of the mortgage provide for the charging of such fees.  As such the secured creditor is entitled to the additional costs of collection and servicing of the secured creditor's claim.

### *(2) Is a written assignment necessary to evidence ownership of a mortgage?*

New York Real Property Law § 244 states that "[a] grant takes effect, so as to vest the estate or interest intended to be conveyed, only from its delivery; and all the rules of law, now in force, in respect to the delivery of deeds, apply to grants hereafter executed."  Thus, a mortgage and note can be transferred by delivery, and do not have to be evidenced by a written assignment.  *See, e.g., Fryer v. Rockefeller*, 63 N.Y. 268, 276 (1875) ("there is no legal need of a recording of the assignment, nor any for an assignment in writing.  A good assignment of a mortgage is made by delivery only."); *Flyer v. Sullivan*, 284 A.D. 697, 699, 134 N.Y.S.2d 521, 524 (1st Dept. 1954) ("Our courts have repeatedly held that a bond and mortgage may be transferred by delivery without a written instrument of assignment.").  This principle was followed in *James v. Lewis* where the New York Supreme Court held that although a deed was not acknowledged or recorded until nine years after delivery, the date of the actual delivery of

the deed was deemed to be the date of the conveyance.  522 N.Y.S.2d 897, 898, 135 A.D.2d 785, 785-786 (1987)

In *National Mtg. Consultants v. Elizaitis*, the New York Supreme Court faced a situation where a written assignment was made to one party, but delivery of the note and mortgage was made to another party.  3 Misc. 3d 1109A, 787 N.Y.S.2d 679, 2004 N.Y. Misc. LEXIS 803, 2004 NY Slip Op 50525U, *3 (2004) *aff'd* Nat'l Mtge. Consultants v. Elizaitis, 2005 N.Y. App. Div. LEXIS 13477 (N.Y. App. Div. 2d Dep't, Nov. 28, 2005).  The court held that although counsel for the assignor, in error, instructed that the wrong nominee corporation be named as the assignee "[t]his did not compromise the validity of the interest" to the party to whom it was delivered.  *Id.* at *5.  Thus, the assignment was valid upon delivery of the note and mortgage.  *See id.*

Additionally, Bergman on New York Mortgage Foreclosures states

> A written assignment is not a prerequisite to the validity of an assignment of a mortgage because a mortgage can be assigned by mere delivery. Similarly expressed, there is no legal need for an assignment in writing. Rather, an effectual mortgage assignment is accomplished by delivery only. Succinctly summed up, *title to a note and mortgage passes by delivery of those instruments and no formal written transfer is necessary.* (emphasis added).

Bergman, N.Y. Mortgage Foreclosures § 16.05[1][b][a] (2008)

While a written assignment from First National to Deutsche Bank has not been provided, the known servicer of the note and mortgage, Homecomings Financial, LLC, has provided an affidavit stating that Deutsche Bank is the current holder, and that Homecomings Financial has been the servicer since October 12, 2005.  As the agent of the current holder Claimant has the authority to collect on the note and mortgage on the holder's behalf.  Thus, the assignment to

Deutsche Bank was valid, and Claimant is the proper party to file a proof of claim as it is the servicer.

## CONCLUSION

An effective mortgage assignment is accomplished by delivery only.  There is no need for a written assignment from the owner of the note and mortgage when it transfers its interests by delivering the actual note and mortgage to the assignee.  Therefore, the authorized servicer has standing to file a proof of claim.  Debtor's motion to object to Claimant's claim for failure to show written evidence of assignment is denied, and Claimant's claim for additional fees is reasonable and will be allowed.  An order consistent with this decision will be filed contemporaneously.

Dated: Central Islip, New York
     July 22, 2008

                          ***s/ Dorothy Eisenberg***
                          Dorothy Eisenberg
                          United States Bankruptcy Judge